IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

AT NOVEMBER TERM, 1832.

---

### MARTIN CHANDLER v. THE PRESIDENT, DIRECTORS and COMPANY OF THE MONMOUTH BANK.

The provision in the charter of the Monmouth Bank, that "no director shall be entitled to any emolument, unless the same shall have been allowed by the stockholders at a general meeting," was intended to prevent the directors from taking compensation for the performance of their appropriate duties, but its sound construction does not require the exclusion of the individuals of the Board from a just compensation for services of a different character, merely because they were rendered while they were directors.

---

This was an action of assumpsit, tried at the Circuit Court for the county of Monmouth. The plaintiff declared for services rendered the defendants, as their agent in building a steamboat, for procuring wood for her, for commissions, and for rent of his wharf, &c. After the testimony was closed, the defendant's counsel, moved the court to overrule all the evidence for services rendered by the plaintiff, while he was a director of the bank, and for commissions. The judge stopped the counsel in the argument of the motion and charged the jury as follows :

*Gentlemen of the Jury,*

The plaintiff demands satisfaction—first for services, which he has done for the Bank—secondly for money, that he has paid and advanced for it; thirdly for commissions, and lastly for the use and occupation of a wharf. These are the principal heads of demand that claim your attention.

The first service is for superintending the building and construction of the steamboat, called 'the " Long-Branch," which was built by the order of the bank. It appears that the directors appointed three members of their board, of whom the plaintiff was one, to employ a superintendant for this work, which committee unanimously selected Capt. Sutton, who forthwith undertook the trust, and fulfilled it to the satisfaction of the board. The business of superintendance had been duly considered by the board, who chose to employ and pay only a single agent. If the plaintiff has volunteered his services in assisting Capt. Sutton without any contract, expressed or implied with the board, he cannot recover for such voluntary services. It must be presumed, that he was acquainted with the charter under which he acted as a director, and with the clause therein, prohibiting the board to allow him a compensation. The legislature enacted it as an express principle in the charter, that no director should receive any emolument for services, except it should be allowed to him, not by the board, but by the stockholders; yet he applies to the court and jury for compensation, as if courts had power of abrogating charters, and of compelling the board of directors to allow what the legislature has forbidden to be done. If the plaintiff might raise an account against the bank for services rendered by him as a director, the other directors might do the same thing, as their rights are of the same kind, and thus allowing each other's accounts, the evil which the charter intended to prevent, would be accomplished. A director is expected to give his time and services to the bank without pecuniary compensation or emolument, as no one need devote his whole time, unless he pleases. Where there are so many to divide it with him by turns, and resignation is always in his power, if they will not do it—nor the board employ an agent for the business. The only thing which a director cannot do, is to charge for his services. When oppressed with an-

over proportion of service, he may call on his co-trustees, or on the board for relief, or relieve himself by resignation in case of their refusal. But he cannot call on them or on this court for pecuniary satisfaction, as both they and we are restrained by the charter from granting it. The plaintiff cannot therefore, lawfully recover compensation for his time or services, either in superintending the construction of the boat, or the supply of fuel, provisions or necessaries for her during the season of her carrying freight and passengers between Shrewsbury and the city of New York. So far as he advanced his own cash in purchasing such supplies for the boat, it would be a proper charge, as being entirely distinct from time and services.

The charge for commissions is only another name for compensation and emolument, and arises in the following manner: The plaintiff and two other directors were a joint committee to contract in behalf of the company, with some ship-builder, for the building of a steam-boat, which was to belong to the banking company, was to be built with their money for them, and under the direction of their agent and superintendant. The course of business required the banking company to be bound for the payment of the money which was to be twelve thousand five hundred dollars, and that the builder should be bound to the company for performance; but instead of this obvious course for the plaintiff, he overlooks the company as well as both of his associates, and has the contract made with himself. Finding security for performance on his part, when the first payment of two thousand dollars became due, he gave his own note for it, with Mr. Thorp, as endorser, and when the note became due, it was paid by the company, except a small portion of interest, which the plaintiff paid himself and is now entitled to recover back, as so much paid for the use of the bank. It is all the money he ever did pay on the contract, after having made it in his own name, all the rest was paid by the company, and yet he charges commissions on the whole of twelve thousand five hundred dollars, as an emolument and compensation for his risk and services in this case rendered by him, as a director. It was in this capacity that he volunteered his responsibility, by inserting his name alone in the contract, to the exclusion of the other two committee men, and in exclusion of the name of

17

the company—the company made no express promise to allow him this emolument, for the allowance would be in violation of their charter, therefore none can be implied in law. The money he actually advanced towards the unpaid balance on the note is however a legal charge, and should be duly allowed. The use of the plaintiff's wharf by the company's steam-boat, is also a proper charge—during the time it was enjoyed, at such reasonable price as the jury think it was worth.

Under this charge the jury rendered a verdict in favor of the plaintiff for sixty-two dollars and twenty-eight cents. On the coming in of the postea, the plaintiff obtained a rule to shew cause, why the verdict should not be set aside and a new trial had. This rule was argued at the last May term, by *J. F. Randolph* and *Southard* in support of the same, and by *Ryall* and *Wall* contra.

In support of the rule it was insisted, that the judge who tried the cause, had mistaken the evidence, and misdirected the jury ; that the plaintiff did not act as a volunteer, and that he rendered the services, for which the suit is brought, not in his character, as director of the bank. He does not claim a recovery for what he did within the order of the board of directors, and he is clearly entitled to a compensation for other services in the same manner, and to the same amount, as if he had not been a director. There is nothing in the third article of the rule of the corporation to prevent this. This article was intended as a restriction and limitation upon the directors, to prevent fraud and extravagant allowances among themselves, and not to restrain courts and juries in making allowance for services fairly rendered and reasonably charged. Of this character are the charges of the plaintiff for procuring wood for the steam-boat; for procuring money for the bank, and engaging his personal responsibility for its re-payment—and yet by the charge of the judge the plaintiff had been excluded.

Against the rule it was contended, that the judge had not mistaken the evidence. He charged the jury that if the plaintiff had volunteered his services without any express or implied contract with the bank, he was not entitled to recover for such services. It was stated hypothetically. The principal question in this case, is, can the plaintiff, as one of the directors of

the bank, recover a compensation for services rendered, unless he shews the existence of an express contract. By the third article of the constitution of the bank, and included in their act of incorporation, it is expressly declared, that "no director shall be entitled to any emolument, unless the same shall have been allowed by the stockholders at a general meeting." The plaintiff was one of the directors, and one of the committee appointed by the board to superintend the building of the steamboat. He must have known that under this article he could look to the stockholders alone for compensation; what he did then was in the nature of a voluntary courtesy, and this suit cannot be maintained. The legal construction of this article was properly settled by the judge. It was the peculiar province of the court, and ought not to be left to the jury. And the article was intended by the legislature, not only as a restraint upon the board of directors, but as a guide and limit to the court and jury.

The opinion of the court was delivered at this term by Justice Drake.

DRAKE, J. This action was brought by the plaintiff to recover, from the defendants, compensation for services rendered, as he alleges, as their agent, in making a contract for the construction of a steam-boat, and pledging his personal responsibility for the performance of the contract, on their part; for services rendered in superintending the construction of said boat, and in procuring fuel and other necessaries, for her use; for interest, paid by him, on a loan of money procured for the defendants; and for the rent of a wharf, at Shrewsbury, occupied by said steam-boat. All which claims arose while the plaintiff was one of the directors of said bank.

These claims arose out of a peculiar provision of the charter, which authorized the company to erect a steam-boat ferry, between the town of Shrewsbury, in the county of Monmouth, and the city of New York; and to appropriate a part of their funds to the building, or purchase, of a steam-boat, or boats, and other property necessary and proper for a ferry establishment. In carrying into effect this provision of the charter, the board of directors appointed the plaintiff and two other persons, a committee to contract for a steam-boat, and to appoint, if they

thought proper, such agent, or agents, to superintend its build-- ing, as they deemed necessary. The committee proceeded to the city of New York, and contracted for the building of a suit-- able vessel, and constituted one Samuel C. Sutton their agent,. to superintend the building. In these proceedings the plain-- tiff took a more active part than the other members of the com-- mittee. It appeared also that the plaintiff spent a considerable. portion of his time in attending to the construction of the said vessel, and in furnishing her afterwards, with fuel and other necessaries at one end of her voyage.

The charter contains a provision, that "no director shall be entitled to any emolument, unless the same shall have been al- lowed by the stockholders, at a general meeting." And it was objected to the plaintiff's action, that the services performed by him, were done *as a director;* and even if they exceeded what could be reasonably required of him in that capacity, they were: volunteered, and should entitle him to no compensation.

It was the intention of the legislature by inserting this clause in the charter, to prevent the directors from taking compen- sation for the performance of their appropriate duties ; but its. sound construction does not require the exclusion of the individ- uals of the board from a just compensation for services of a different character, merely because they were rendered *while* they were directors. Services may be wanted requiring me-- chanical, or professional skill, as for instance, the engraving of the plates, the making of paper, &c. Should one of the di-- rectors be competent to perform this work, the charter was. never intended to prohibit his employment for that purpose. And again, services may be required, which although they might be performed by the whole board of directors, yet are to be transacted at distant places, or under circumstances which would make it extremely inconvenient for a body of men to at-- tend to them, and where a proper discharge of their duties to the company would require of the director to constitute an agency. In such cases, I see no objection to their employing one of their own number as their agent. Indeed the nature of the business may often be such as would render this highly ex- pedient. And if they should do so, such agent may surely de- mand, and be paid, a reasonable compensation for his services.

Of this description, was the making of contracts for this steamboat, and for her necessary supplies; and even the superintendance of her construction. These services might have been performed by the whole board, or by a committee, and yet it must be perceived that with respect to some of them, at least, they could be more properly attended to by one, or more, well qualified agents.

The Circuit Court charged the jury, among other things, that the plaintiff could not lawfully recover compensation for his time or services, either in superintending the construction of the boat, or the supply of fuel, provisions, or necessaries for her, during the season of her conveying freight or passengers from Shrewsbury to the city of New York. This direction to the jury was not correct, if there was, in fact, a contract of agency, express or implied, between the parties, under which valuable services of the above description had been performed by the plaintiff. And upon inspecting the evidence, as detailed in the state of the case, it appears to me, that there was some evidence of such contract, sufficient to have been submitted to the jury. Therefore, without giving any opinion as to the weight of this evidence, or whether it should prevail with a jury, or not, I think that the rule to shew cause should be made absolute, and a new trial granted.